IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-00043-FL-2

**United States of America**,

v.

**Davonte Latrell Joyner**,

Defendant.

**Order**

This matter comes before the court on Defendant Devonte Joyner's motion for free copies. D.E. 122. Citing his indigence, Joyner seeks of the transcripts of his initial appearance, detention hearing, arraignment, and sentencing at no cost to him. *Id.* Joyner recently file a motion pursuant to 28 U.S.C. § 2255, and he contends that the transcripts would assist him as he works on his case. D.E. 112, 117. After considering Joyner's argument and reviewing the record, the court will deny Hill's motion without prejudice because he has not shown a particularized need for the transcript or satisfied the statutory criteria to receive a free copy of his sentencing hearing transcript.

In June 2012, Joyner entered a guilty plea to three counts including Hobbs Act robbery, aiding and abetting Hobbs Act robbery, and use of a firearm in connection with a drug trafficking offense. D.E. 27. Four months later, the court sentenced Joyner to 96 months on the Hobs Act charges and a consecutive 120 months for the firearm offense. D.E. 43. Joyner later filed a motion to vacate, D.E. 51, which he subsequently withdrew. D.E. 88.

The docket also reflects several instances where Joyner has requested free copies of documents. *See* D.E. 91, 96, 98, 120. The court has either denied Joyner's request or informed him of the cost of the documents he sought. *See* D.E. 92, 93, 97, 100, 121.

"Copies of transcripts and court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents." *United States* v. *Gallo*, No. 88-7534, 1988 WL 60934, at \*1 (4th Cir. May 31, 1988) (citing *United States* v. *Glass*, 317 F.2d 200, 202 (4th Cir. 1963)). Under 28 U.S.C. § 753(f), a defendant proceeding in forma pauperis is entitled to a copy of his transcripts in federal habeas proceedings if he demonstrates that the collateral action is "not frivolous" and that the transcript is "needed to decide the issue" presented in the collateral action. *See* 28 U.S.C. § 753(f); *United States* v. *MacCollom*, 426 U.S. 317, 320–21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions," but only where the court certifies that the claims are "not frivolous" and that the transcript is "needed to decide the issue presented by the suit"); *United States* v. *Parker*, 273 F. App'x. 243, 244 (4th Cir. 2008) ("An indigent defendant is entitled to free transcripts from his criminal proceedings only upon a showing of a particularized need for the transcript."); *see also United States* v. *Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). Similarly, under 28 U.S.C. § 2250, the court may direct the Clerk to provide free copies of documents or parts of the record, but a petitioner must demonstrate a particularized need in relation to the claims he seeks to raise. *See* 28 U.S.C. § 2250; *United States* v. *Harris*, Crim. No. 06-20131-01-KHV, 2010 WL 604183, at \*1 (D. Kan. Feb. 17, 2010) (unpublished) (citing § 2250 as authority for denial of generalized request for transcripts); *Cassidy* v. *United States*, 304 F. Supp. 864, 867 (W.D. Mo. 1969) (applying § 2250 to a motion under § 2255).

Joyner's motion does not meet these standards. His motion neither shows that transcripts are necessary for him to frame his claims, nor established that transcripts are otherwise needed in order to decide the issues presented in these proceedings at this time. Thus, his motion is denied without prejudice. If Joyner chooses to refile his motion, he should include a particularized explanation of his need for the particular documents sought.


Dated: April 10, 2020

_Robert T. Numbers II_

Robert T. Numbers, II
United States Magistrate Judge