IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CR-43-FL-2
NO. 4:20-CV-28-FL

| | |
|---|---|
| DEVONTE LATRELL JOYNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, (DE 112, 117), which challenges petitioner's judgment of conviction in light of the Supreme Court's ruling in United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss, (DE 125), as well as petitioner's motion for reconsideration (DE 128) regarding order denying free copies, and motion to stay (DE 130) in further opposition to respondent's motion. The issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss and dismisses petitioner's motion to vacate and motion to stay, and denies petitioner's motion for reconsideration.

**BACKGROUND**

On June 4, 2012, petitioner pleaded guilty to two counts of Hobbs Act robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 1951 and 2 (counts two and four), and discharging a firearm during and in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 2 (count seven). On October 4, 2012, the court sentenced petitioner to 216 months' imprisonment. Petitioner did not appeal his judgment of conviction.

On February 14, 2020 and March 6, 2020, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction should be vacated in light of Davis.[1] On April 20, 2020, respondent filed the instant motion to dismiss. In motion for reconsideration filed April 28, 2020, defendant seeks transcripts of proceedings in this matter. In his motion to stay, petitioner argues in opposition to the government's motion to dismiss.

## DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of using or carying a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(i). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug

---

[1] Petitioner filed an earlier motion to vacate on June 9, 2016, which was withdrawn on March 5, 2019, and counsel appointed on limited appearance withdrew on October 2, 2019.

2

trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. 139 S. Ct. at 2336. Davis, however, does not call into question § 924(c)(2)'s definition of drug trafficking crime. Id.; see also In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019); United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (holding that where jury found defendant's § 924(c) conviction was supported by drug trafficking crime and crime of violence, the court need not consider challenge to the predicate crime of violence). The predicate offense supporting petitioner's § 924(c) conviction is conspiracy to possess with intent to distribute a quantity of marijuana, which qualifies as a drug trafficking crime under § 924(c)(2). (See Indictment, count six (DE 1)). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis.[2]

Petitioner argues that his Davis claim should proceed because his predicate drug offense was dismissed at sentencing. (Judgment (DE 43) at 1). Petitioner's § 924(c) conviction, however, does not require conviction on the predicate drug trafficking offense. See United States

---

[2] Where petitioner's claim fails as a matter of law, the court does not find good cause to reconsider the court's denial of petitioner's motion for free copies. Therefore, petitioner's motion for reconsideration (DE 128) is DENIED.

3

v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority); United States v. James, 834 F.2d 92, 92-93 (4th Cir. 1987).

Moreover, petitioner has procedurally defaulted on his claims based upon the dismissal of, or inadequacy of, his drug trafficking offense as a predicate offense to his 924(c) conviction, including as expounded in petitioner's motion to stay (DE 130) and supplemental memoranda (DE 131, 132). Petitioner has not shown cause or prejudice for the default, nor that he is actually innocent of the conduct charged in the § 924(c) offense.

Therefore, petitioner's motion to vacate and motion to stay must be dismissed.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 125), and DISMISSES petitioner's motion to vacate, (DE 112, 117), and motion to stay (DE 130). Petitioner's motion for reconsideration (DE 128) is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

4

SO ORDERED, this the 3rd day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge